# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY JUNELL GACHETT, | ) 1:13cv00139 DLB PC |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| vs. | ) MOTION FOR COUNSEL |
| GIPSON, et al., | ) (Document 16) |
| Defendants. | ) |

Plaintiff Troy Junell Gachett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. On March 27, 2014, he filed a motion for the appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

     In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id.

     Insofar as Plaintiff contends that he is having trouble presenting his case to the Court, there is a difference between having trouble meeting the required standards to state a claim and being wholly unable to articulate claims. Plaintiff is able to articulate his claims even though the facts he sets forth may not state a claim.

     For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __March 31, 2014__            /s/ *Dennis L. Beck*
                                                         UNITED STATES MAGISTRATE JUDGE