# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY JUNELL GACHETT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GIPSON, et al.,<br><br>　　　　Defendants. | ) 1:13cv00139 DLB PC<br>)<br>)<br>) ORDER DISMISSING SECOND<br>) AMENDED COMPLAINT<br>) WITHOUT LEAVE TO AMEND<br>)<br>) ORDER DENYING PLAINTIFF'S MOTION<br>) FOR COUNSEL<br>) (Document 15-1) |

　　　　Plaintiff Troy Junell Gachett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on January 30, 2013. On September 12, 2013, the Court screened the complaint and dismissed it with leave to amend. Plaintiff filed his First Amended Complaint ("FAC") on September 25, 2013. On March 6, 2014, the Court screened the FAC and dismissed it with leave to amend.

　　　　On March 17, 2014, Plaintiff filed his Second Amended Complaint ("SAC"). He names California State Prison, Corcoran ("CSP") Warden Gipson, CSP Chief Deputy Warden R. S. Lambert, and CCI Counselor Mascarenas as Defendants.[1]

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 8, 2013.

1

A. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to

state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that on July 18, 2012, Defendant Mascarenas recommended to Defendant Lambert that Plaintiff's television and personal property be confiscated and disposed of.  Plaintiff alleges that this was done in retaliation for Plaintiff's refusal to cell with an incompatible cell mate.  Plaintiff contends that the cellmate placed his life in extreme danger.  In disposing of his television, Plaintiff alleges that Defendants failed to adhere to the California Code of Regulations and other procedural guidelines.

Plaintiff alleges that this allowed the "further imposition of penalties" by Defendant Gipson.  ECF No. 15, at 3.

For relief, he requests that his television be replaced.  Plaintiff also requests punitive damages.

**C.      ANALYSIS[2]**

1.      Defendant Gipson

Plaintiff simply alleges that Defendant Gipson carried out "further impositions of penalties." ECF No. 15, at 3.  This is insufficient to state a claim.

In the prior two screening orders, the Court explained why Plaintiff had failed to state a claim against Defendant Gipson.  In the most recent order, the Court again explained that imposing a SHU term, alone is insufficient to state an Eighth Amendment claim.

---

[2] In the prior screening order, the Court determined that Plaintiff's property claim was based on an unauthorized deprivation of property for which he has an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 533(1984).  Accordingly, the Court found that Plaintiff could not state a due process claim and that this deficiency could not be cured by amendment.  Plaintiff's current allegations support this finding and the Court will not discuss a due process claim.

3

To the extent that Plaintiff continues to allege that Defendant Gipson imposed a SHU term, this does not violate the Eighth Amendment. Plaintiff again fails to make any allegations related to the conditions of confinement while he served his SHU term.

This was Plaintiff's final opportunity to correct the Eighth Amendment claim and he has failed to do so.

2.  Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that in retaliation for his refusal to accept an incompatible cell mate, Defendants Lambert and Mascarenas confiscated and disposed of his television and other personal property. However, a retaliation claim is premised on a protected activity, and refusing a cell mate is not a protected activity under the First Amendment. Johnson v. Hicks, 2014 WL 1577280, *4 (E.D. Cal.) (Plaintiff could not state a claim for retaliation because he had not established that refusal to be celled with a violent inmate is protected conduct under the First Amendment); Martin v. Bryant, 2011 WL 3684469, *2 (E.D. Cal.) ("Plaintiff does not have a protected right under the First Amendment to refuse to cell with a specific inmate."); Parra v. Hernandez, 2008 WL 5765844, *4 (S.D. Cal.).

Accordingly, Plaintiff cannot state a claim for retaliation.

### D.      MOTION FOR COUNSEL

In his SAC, Plaintiff states that the Court's prior screening order was too complex to understand, and that he needed an attorney to properly amend.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together.  Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Plaintiff's SAC was clear and easy to understand, and the Court did not need assistance in screening.  Therefore, Plaintiff's request for the appointment of counsel is HEREBY DENIED.

### E.      CONCLUSION AND ORDER

Plaintiff's SAC fails to state any cognizable claims against any Defendants.

Plaintiff has been given two prior opportunities to amend his complaint, but has failed to correct the deficiencies.  Plaintiff's facts simply do not rise to the level of a constitutional violation, and the Court finds that further leave to amend is not warranted.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, Plaintiff's SAC is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief may be granted.

<u>This terminates this action in its entirety</u>.

IT IS SO ORDERED.

Dated:   **August 13, 2014**                             /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE